## Charles A. Rutter, Appt., *v.* Robert P. Garsed et al.

There is in Pennsylvania no jurisdiction in equity to enforce execution of a judgment at law by the sale of a patent right belonging to the defendant.

(Argued January 27, 1887. Decided February 7, 1887.)

January Term, 1887, No. 86, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of Common Pleas No. 1 of Philadelphia County sustaining a demurrer to a bill in equity. Affirmed.

The bill filed by Charles A. Rutter against Robert P. Garsed and Theodore D. Rand alleged that Rutter had obtained in the same court a judgment for $469.55 against Garsed; that a fi. fa. had issued upon it, but had been returned *"nulla bona,"* the sheriff being unable to levy upon or seize any property of Garsed within the county; that Garsed had within the county no goods and chattels subject to execution at law, and had no

Cited in Wolf v. Bonta Plate Glass Co. 6 Northampton Co. Rep. 397, 401, 5 Lack. Legal News, 51.

NOTE.—The same determination was made in Bakewell v. Keller, 11 W. N. C. 300. But jurisdiction is now given in such cases by the act of May 9, 1889, P. L. 172.

real estate; that Garsed was the owner of sundry letters patent, issued to him by the United States for useful inventions, and also of interests in sundry other such letters patent, the legal title of which he had assigned; that Garsed had assigned the latter patents to Rand, subject to certain agreements which had been made between Garsed and Rand and third parties, whereby it had been agreed that Rand should hold the patents in trust and convey the same upon the joint request of Garsed and a majority of the others, and that, upon the noncompliance by the said third parties with certain terms of payment to Garsed for the patents, they were to revert to him after September 21, 1886; that Garsed's interests in the patents, so assigned to Rand, remained unsold and had not been assigned by Rand, and that the terms of payment had not been complied with, and that Garsed's interests in these patents, so far as they related to bell ringing for houses or by hand, were fully vested in Garsed.

The plaintiff charged that Garsed's rights in all these letters patent should be applied under the direction of the court to the judgment debt, and prayed: (1) An injunction restraining Garsed from assigning his interests; (2) an injunction restraining Rand from assigning Garsed's interest; (3) that Garsed and Rand make full discovery of Garsed's interests; (4) that Garsed's interests be sold under direction of the court and the proceeds applied to the payment of the plaintiff's judgment; (5) that Garsed and Rand be directed and required to execute the necessary assignments to the purchaser; and for other equitable relief.

The defendants demurred to the whole bill, assigning as reasons that it disclosed no ground for equitable relief and that it was beyond the jurisdiction of the court.

· The court sustained the demurrer; and this was assigned as error.

*Henry T. Dechert,* for appellant.—A patent or copyright which vests the sole and exclusive right of making, using, and vending the invention, or of publishing and selling a book, in the person to whom it has been granted by the government, as against all persons not deriving title through him, is property capable of being assigned by him at his pleasure, although his assignment, unless recorded in the proper office, is void against subsequent purchasers or mortgagees for a valuable considera-

tion without notice.     Rev. Stat. §§ 4884, 4898, 4952, 4955,
U. S. Comp. Stat. 1901, pp. 3381, 3387, 3406, 3407.

The provisions of the patent and copyright acts, securing a
sole and exclusive right to the patentee, do not exonerate the
right and property thereby acquired by him, of which he receives
the profits and has the absolute title and power of disposal, from
liability to be subjected by suitable judicial proceedings to the
payment of his debts.     Ager v. Murray, 105 U. S. 126, 26 L. ed.
942; 21 Am. L. Reg. 469; 21 Off. Gaz. 1197.

Patent rights and copyrights may be reached by a creditors'
bill, and be applied to the payment of the debts of the author,
the same as stock of the debtor is reached and applied, the court
compelling a transfer and sale of the stock for the benefit of
creditors.     Stephens v. Cady, 14 How. 531, 14 L. ed. 529.

The appellee is seeking to enjoy property without paying a
debt found due by a final judgment.     He obtained that property
only by virtue of the Constitution and laws of the United States,
which afford him no exemption in the enjoyment of it from the
usual liability to creditors; he claims no exemption of it by
virtue of a statute or a principle of public policy, but only upon
the bare technicality that no court deriving its power from the
commonwealth of Pennsylvania has been invested with jurisdic-
tion to relieve his creditor.

In such a contest the policy of the law is to appropriate the
debtor's assets to the payment of his debts, unless he brings him-
self within one of the exceptions provided by statute.     Herron's
Appeal, 29 Pa. 240.

Not only is there no exemption of the property here in ques-
tion, but there is statutory authority for taking it in execution.
Act of June 16, 1836, P. L. 764, Purdon's Digest, 740, pl. 13;
act of July 12, 1842, P. L. 339, Purdon's Digest, 65; act of
March 17, 1869, 68; act of April 7, 1870, P. L. 58.

Authority being thus against the employment of a fi. fa. we
seek to apply the method pointed out by Justice NELSON in
Stephens v. Cady, and sanctioned by the Supreme Court of the
United States in Ager v. Murray.     This has been used in New
York and California for the same purpose.     Gillett v. Bate, 86
N. Y. 87; Pacific Bank v. Robinson, 57 Cal. 520, 40 Am. Rep.
120.

Equity is a part of the law of Pennsylvania.     Our courts
have always exercised the power of giving relief and adminis-

tering equity through the ordinary common-law remedies and forms, by conditional verdicts, special judgments, and the final process adequate to enforce and maintain the fruit of them. Church v. Ruland, 64 Pa. 432, 441.

It cannot be maintained that the effect of investing the courts with separate equity powers, to be exercised according to the mode of proceeding in use in the English court of chancery, was to divest them of any part of the jurisdiction before possessed by them to afford the same relief through common-law forms. Pollard v. Shaaffer, 1 Dall. 210, 1 L. ed. 104, 1 Am. Dec. 239; Lehr v. Beaver, 8 Watts & S. 106, 42 Am. Dec. 271; Aycinena v. Peries, 6 Watts & S. 257; Biddle v. Moore, 3 Pa. St. 161; and Corson v. Mulvany, 49 Pa. 88, 88 Am. Dec. 485.

The courts very early adopted to their full extent all the doctrines of courts of equity with respect to set-off, and therefore it was held that one judgment might be set off against another, although in different courts. Hazlehurst v. Bayard, 3 Yeates, 152; Filbert v. Hawk, 8 Watts, 444.

By conditional verdicts and in all actions to enforce equitable rights, the courts mold their judgments and executions to suit the case; they will render them specially to affect certain property only, and allow special executions to be levied on that property alone. Pidcock v. Bye, 3 Rawle, 194; Aycinena v. Peries, 2 Pa. St. 286, 6 Watts & S. 257; Stevenson v. Matthews, 9 Pa. 316; Martzell v. Stauffer, 3 Penr. & W. 398, 402.

Another instance of the administration of equitable relief is the practice of opening a judgment entered on warrant of attorney, to let in a defense specially sworn to, which is peculiar to our jurisprudence. Gallup v. Reynolds, 8 Watts, 424.

These principles and instances show the great liberality of our courts in seeking to enforce equitable rights and apply equitable remedies. It is submitted that the court, by virtue of its inherent power to administer equity, should have granted the relief prayed for. What was sought was in effect a special writ of execution to reach the debtor's property, which it appeared "by reason of its nature only, and not by reason of any positive rule exempting it from liability for debt, cannot be taken on execution at law."

The bill is within the statutory jurisdiction in equity, as conferred by the act of June 16, 1836, for the prevention or restraint of the commission or continuance of acts contrary to law

and prejudicial to the interests of the community, or the rights of individuals, or fraud, or administering trusts, or for discovery in aid of execution.

If the substance of the complaint shows an act contrary to law or equity and prejudicial to the rights of the appellant, the relief should be granted.

An act contrary to equity will be enjoined. Stockdale v. Ullery, 37 Pa. 487, 78 Am. Dec. 440; Bitting's Appeal, 15 W. N. C. 45.

The act of Garsed in refusing to apply his patent rights to payment of his judgment creditor is a fraud; and his and his codefendant's holding of them constitutes them trustees for the appellant. An analogous case of jurisdiction under these heads is Stang's Appeal, 10 W. N. C. 409.

The act of 1836 could not have been intended to confer the power of the mere disclosure of obscure interests in property without adequate power to enforce against these interests the rights of the judgment creditor. Act June 16, 1836, § 9, P. L. 763, Purdon's Digest, 692; Yard v. Patton, 13 Pa. 278, 282; Kennedy v. Kennedy, 43 Pa. 413, 82 Am. Dec. 574; Eckman v. Eckman, 55 Pa. 269; Stewart's Appeal, 78 Pa. 88; Dull's Appeal, 113 Pa. 510, 6 Atl. 540.

Neither the act of 1832, nor the equity act of 1836, confers on the orphans' court specific power for the marshaling of assets, as between legatees and devisees. But the grant of a power indispensable to the administration of justice is not to be defeated by an accidental omission to furnish the details. The power, being remedial and beneficial, is entitled to a benign interpretation. Loomis's Appeal, 10 Pa. 387.

So also the act of 1836 confers no express jurisdiction in cases of subrogation, but the right has frequently been recognized and applied as one arising purely in equity. Kyner v. Kyner, 6 Watts, 221; Steele's Appeal, 72 Pa. 101.

*J. M. Moyer,* for appellees.—Ager v. Murray, 105 U. S. 126, 26 L. ed. 942, arose in the District of Columbia, where the laws of Maryland are in force. D. C. Laws, ed. 1868, pp. 326–328, 333–336.

The statutes of the state of Maryland have created a separate chancery court and conferred upon it general chancery powers. Stat. 1785, chap. 72, §§ 7, 13–25.

No such powers have ever been granted to courts of equity in Pennsylvania. Stephens v. Cady, 14 How. 531, 14 L. ed. 529, arose in Rhode Island, where similar chancery powers exist as in Maryland; and it was held by the supreme court that by virtue of the chancery powers of the courts named they might do that which a court of law failed to do. Bakewell v. Keller, 11 W. N. C. 300, rules this case.

PER CURIAM:

The mere refusal to pay a debt is not a fraud. We know no act of assembly which authorizes the property in question to be reached by bill in equity, in the manner here attempted. The demurrer was justly sustained.

Decree affirmed and appeal dismissed, at the costs of the appellant.